

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ORIGINAL**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-1 NORMAN SHY and
D-2 CLARA FLOWERS,

    Defendants.
_____/

Case:2:16-cr-20218
Judge: Hood, Denise Page
MJ: Whalen, R. Steven
Filed: 03-29-2016 At 09:39 AM
INFO USA V NORMAN SHY, ET AL (BG)

VIOLATIONS:
18 U.S.C. § 371 (Conspiracy)
18 U.S.C. § 666 (Bribery)
26 U.S.C. § 7201 (Tax Evasion)

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Detroit Public Schools ("DPS") was a government agency operating within Wayne County, Michigan, in the Eastern District of Michigan.

2. DPS was a government agency that received in excess of $10,000.00 under one or more federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of federal assistance in each one-year period for fiscal years 2009 through 2014.

3. Defendant NORMAN SHY was the owner of Allstate Sales, a company that was included on DPS' approved vendor list. Allstate Sales sold and

provided school supplies such as auditorium chairs, supplemental teaching materials, and raised line paper.

4. Defendant CLARA FLOWERS was an employee and agent of DPS, a government agency, from at least 2009 through the present, when she was employed as Principal of Henderson Academy ("Henderson") and then when she was employed as Assistant Superintendent of DPS' Office of Specialized Student Services.

5. As Principal, FLOWERS had the primary authority for selecting vendors and ordering school supplies for Henderson. As Assistant Superintendent, FLOWERS had authority for selecting vendors and ordering supplemental resources such as maps and workbooks for various DPS schools.

6. In both her positions with DPS, FLOWERS was responsible for certifying that Henderson and other schools received the goods she ordered that were listed on a vendor's invoice, and then submitting, or causing to be submitted, the invoice to DPS for payment to the vendor.

7. Sometime prior to February 2009, FLOWERS chose SHY as a vendor of school supplies for Henderson. FLOWERS continued to use SHY as a vendor of school supplies for various DPS schools within her responsibilities as Assistant Superintendent.

## COUNT ONE
(18 U.S.C. §§ 371, 666(a)(1)(B) –
Conspiracy to Commit Federal Program Bribery)

8. Paragraphs 1 through 7 of the General Allegations are hereby incorporated in this Count.

9. From at least February 2009 through January 2015, in the Eastern District of Michigan, defendants NORMAN SHY and CLARA FLOWERS, did knowingly and willfully conspire and agree with each other for FLOWERS, an agent of DPS, to corruptly accept things of value, to wit: kickback payments, intending to be influenced and rewarded in connection with a series of payments from DPS to SHY'S business, which payments were valued at more than $5,000, in violation of Title 18, United States Code, Section 666(a)(1)(B).

### Manner and Means of the Conspiracy

10. The conspiracy was carried out through the following manner and means:

11. SHY devised and engaged in a scheme to fraudulently obtain funds from DPS by agreeing with at least 13 DPS principals to pay them a total of approximately $908,518 in kickbacks relating to business with DPS worth millions of dollars to SHY in exchange for their agreement to certify and submit, and cause to be certified and submitted, fraudulent invoices to DPS for payment to SHY for goods that were not delivered.

3

12. FLOWERS promised to and did take official action, including ordering school supplies from SHY, and certifying and submitting, and causing to be certified and submitted, fraudulent invoices to DPS for payment to SHY for goods that were not delivered, in exchange for kickback payments to FLOWERS from SHY.

13. At times, SHY did not deliver any of the goods that were listed on the fraudulent invoices that FLOWERS certified and submitted, and caused to be certified and submitted, to DPS for payment.

14. At other times, SHY delivered only a portion of the goods specified on an invoice for the purpose of making the transaction appear legitimate.

15. SHY maintained a ledger to keep track of how much money SHY owed FLOWERS in kickback payments as a result of the fraudulently submitted invoices.

16. FLOWERS regularly met and communicated with SHY to discuss how much money SHY owed her as a result of the fraudulent invoices she submitted, and caused to be submitted, to DPS.

17. FLOWERS corruptly received things of value, i.e., money and prepaid gift cards, from SHY, which represented a portion of the payments SHY received from DPS as a result of the fraudulent invoices FLOWERS submitted and caused to be submitted.

18. At SHY's direction, FLOWERS provided SHY with fraudulent invoices from FLOWERS' business, "Always Together Travel," in order to conceal and make SHY's kickback payments to FLOWERS appear legitimate.

19. To disguise kickback payments to FLOWERS, SHY paid FLOWERS in a variety of methods, including, but not limited to: checks payable to contractors who performed work on FLOWERS' personal residence; checks payable to Always Together Travel; and prepaid gift cards.

### Overt Acts Which Furthered the Conspiracy

20. In order to further the unlawful conspiracy, one or more of the conspirators committed the following acts, among others:

21. Sometime prior to February 2009, FLOWERS selected SHY as a vendor to provide school supplies to Henderson.

22. Sometime prior to July 2009, SHY described to FLOWERS how they could fraudulently "encumber" DPS funds by certifying and submitting, and causing to be certified and submitted, to DPS invoices from SHY for goods that were not delivered.

23. Beginning in at least July 2009, in exchange for kickback payments from SHY, FLOWERS agreed to submit and caused to be submitted to DPS fraudulent invoices from SHY for goods that were not delivered to Henderson and other DPS schools.

24. From in and about February 2009 through January 2015, FLOWERS certified and submitted, and caused to be certified and submitted, fraudulent invoices from SHY which caused DPS to issue payments to SHY for goods that were never delivered.

25. On the following approximate dates, among others, FLOWERS accepted kickback payments in the form of prepaid gift cards from SHY:

|    | Approximate Date  | Amount of Kickback |
|----|-------------------|--------------------|
| a. | December 14, 2009 | $500               |
| b. | December 13, 2010 | $1,100             |
| c. | December 13, 2011 | $500               |
| d. | July 8, 2013      | $2,500             |
| e. | December 17, 2013 | $2,500             |

26. On the following approximate dates, among others, FLOWERS sent SHY fraudulent invoices from Always Together Travel and accepted kickback payments in the form of checks payable to Always Together Travel from SHY:

|    | Approximate Date   | Amount of Kickback |
|----|--------------------|--------------------|
| a. | April 27, 2012     | $4,200             |
| b. | May 2, 2012        | $1,638             |
| c. | May 29, 2012       | $1,170.51          |
| d. | June 8, 2012       | $1,997.50          |
| e. | July 6, 2012       | $1,153.95          |
| f. | July 18, 2012      | $839.25            |
| g. | September 7, 2012  | $500               |

27. On the following approximate dates, among others, SHY provided FLOWERS with a fraudulent invoice from Allstate, which FLOWERS certified and submitted, and caused to be certified and submitted, to DPS for payment to SHY for goods that were never delivered:

|    | Approximate Date   | Amount of Invoice |
|----|--------------------|-------------------|
| a. | October 17, 2012   | $5,990            |
| b. | November 7, 2012   | $5,990            |
| c. | December 6, 2012   | $11,166.40        |
| d. | April 4, 2013      | $10,217.50        |
| e. | March 13, 2013     | $5,990            |
| f. | May 29, 2013       | $31,442.25        |
| g. | May 29, 2013       | $17,970           |
| h. | June 11, 2013      | $25,430           |
| i. | February 14, 2014  | $38,935           |
| j. | April 1, 2014      | $17,763.75        |
| k. | April 10, 2014     | $2,997.50         |
| l. | April 14, 2014     | $2,695            |
| m. | April 29, 2014     | $49,417.50        |

28. On approximately October 24, 2012, FLOWERS accepted a kickback payment from SHY in the form of a check in the amount of $1,250 from SHY payable to a company that performed painting work on FLOWERS' personal residence.

29. On approximately June 13, 2013, FLOWERS accepted a kickback payment from SHY in the form of a check in the amount of $2,000 from SHY

payable to a company that performed painting and gutter work on FLOWERS' personal residence.

30. On approximately May 12, 2014, FLOWERS accepted a kickback payment from SHY in the form of a check in the amount of $14,700 from SHY payable to a company that removed and installed a new roof on FLOWERS' personal residence.

31. On approximately September 16, 2014, FLOWERS accepted a kickback payment from SHY in the form of a check in the amount of $1,500 from SHY payable to a company that performed painting, tile installation, and gutter work on FLOWERS' personal residence.

32. From at least February 2009 through January 2015, FLOWERS accepted kickback payments totaling approximately $324,785 from SHY.

All in violation of Title 18, United States Code, Sections 371 and 666.

## COUNT TWO
(26 U.S.C. § 7201–
Federal Income Tax Evasion)

D-1 NORMAN SHY

That on or about April 15, 2012, in the Eastern District of Michigan, defendant NORMAN SHY, a resident of Detroit, Michigan, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for the calendar year 2011, in the amount of

$51.667.00, by failing to report income received during the taxable year 2011 and by making false statements on his 2011 Form 1040 U.S. Individual Income Tax return, all in violation of Title 26, United States Code, Section 7201.

## COUNT THREE
(26 U.S.C. § 7201–
Federal Income Tax Evasion)

D-2 CLARA FLOWERS

That on or about April 15, 2010, in the Eastern District of Michigan, defendant CLARA FLOWERS, a resident of Detroit, Michigan, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by her to the United States of America for the calendar year 2009, in the amount of $27,488.00, by failing to report income received during the taxable year 2009 and by making false statements on her 2009 Form 1040 U.S. Individual Income Tax return, all in violation of Title 26, United States Code, Section 7201.

## CRIMINAL FORFEITURE
(18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c))

D-1 NORMAN SHY

1. The above allegations contained in this Information are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c).

2. As a result of the violation, as set forth in Count One (18 U.S.C. §§ 371, 666(a)(1)(B)) of this Information, defendant NORMAN SHY shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation, pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), including but not limited to the following:

a. All Funds on Deposit in Charles Schwab & Co.: (a) Account Number 8142-9439 and (b) Account Number 4166-4404;

b. All Funds on Deposit in Comerica Bank: (a) Account Number 533047585 and (b) Account Number 1851341063;

c. All Funds on Deposit in Merrill Lynch, Pierce, Fenner & Smith, Inc.: (a) Account Number 695-35609 and (b) Account Number 695-35710;

d. Real Property located at 32679 Brookwood Lane, Franklin, Michigan and being more fully described as: Unit Number 14 CRESSBROOK, a condominium according to the Master Deed recorded in Liber 27695, pages 127 through 185, inclusive, Oakland County Records, and designated as Oakland County Condominium Subdivision Plan No. 1499, together with rights in general common elements and limited common elements as set forth in the above described Master Deed and Amendments thereto and as disclosed by Act 59 of the

Public Acts of 1978, as amended; commonly known as: 32679 Brookwood Lane, Franklin, MI; Parcel ID: 24-06-227-030; titled to Shy Investments, LLC; and

e. Real Property located at 433 Fox Hills Drive S, Apt 5, Bloomfield Hills, Michigan and being more fully described as: Unit No. 298, FOX HILLS CONDOMINIUM, a Condominium according to the Master Deed recorded in Liber 21164, Pages 606 through 675, as amended, and designated as Oakland County Condominium Subdivision Plan No. 1240, last amendment amended in Liber 28502, page 617, together with rights in the general common elements and the limited common elements as shown on the Master Deed and as described in Act 59 of the Public Acts of 1978, as amended; commonly known as: 433 Fox Hills Drive S, Apt. 5, Bloomfield Hills, MI 48304; Parcel ID: 19-02-303-298; titled to Shy Investments, LLC.

3. Substitute Assets: If the property described above as being subject to forfeiture, as a result of any act or omission of SHY:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

  e.  has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek to forfeit any other property of SHY up to the value of the forfeitable property described above.

  3.  Money Judgment: A sum of money in United States currency in the amount representing the total amount of gross proceeds traceable to SHY's violation, as set forth in Count One (18 U.S.C. §§ 371, 666(a)(1)(B)) of this Information, shall be entered against SHY in favor of the United States.

BARBARA L. McQUADE
United States Attorney

*/s/ J. Michael Buckley*

J. MICHAEL BUCKLEY
Assistant United States Attorney
Deputy Chief, Public Corruption Unit

*/s/ Frances Lee Carlson*

FRANCES LEE CARLSON
Assistant United States Attorney
Public Corruption Unit
211 W. Fort St., Ste. 2001
Detroit, MI 48226
313-226-9100

Dated: March 29, 2016

| United States District Court<br>Eastern District of Michigan | Criminal Case Cov‹ | Case: 2:16-cr-20218<br>Judge: Hood, Denise Page<br>MJ: Whalen, R. Steven<br>Filed: 03-29-2016 At 09:39 AM<br>INFO USA V NORMAN SHY, ET AL (BG) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

## Reassignment/Recusal Information

This matter was opened in the USAO prior to August 15, 2008 [ ]

| **Companion Case Information** | Companion Case Number: See attached |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: See attached |
| ☒ Yes ☐ No | AUSA's Initials: _JMB_ |

Case Title: USA v. D-1 NORMAN SHY and D-2 CLARA FLOWERS

County where offense occurred: Wayne

Check One: ☒ Felony ☐ Misdemeanor ☐ Petty

____Indictment/ ✓ Information --- no prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number: ____]
____Indictment/____Information --- based upon LCrR 57.10 (d) [Complete Superseding section below]

## Superseding Case Information

Superseding to Case No: _____ Judge: _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

March 29, 2016
Date

J. MICHAEL BUCKLEY
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-9581
Fax: 313-226-3413
E-Mail address: Michael.Buckley@usdoj.gov
Attorney Bar #: P36167

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.      04/13

| Companion Case Information | Companion Case Number and Judge Unknown; all cases filed simultaneously on March 29, 2016: <br><br> U.S. v. Ronald Alexander <br> U.S. v. Tanya Bowman <br> U.S. v. Josette Buendia <br> U.S. v. Beverly Campbell <br> U.S. v. Nina Graves-Hicks <br> U.S. v. James Hearn <br> U.S. v. Gerlma Johnson <br> U.S. v. Stanley Johnson <br> U.S. v. Tia'Von Moore-Patton <br> U.S. v. Willye Pearsall <br> U.S. v. Ronnie Sims <br> U.S. v. Clara Smith |
|---|---|