UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,           No.    16-20218

                Plaintiff,           HON. VICTORIA A. ROBERTS

v.

D-1    NORMAN SHY,

                Defendant.
_____/

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO APPLICATION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Barbara L. McQuade, United States Attorney, and Paul A. Kuebler, Assistant United States Attorney, files this reply and states as follows:

On May 26, 2016, the Government filed an Application for Entry of Preliminary Order of Forfeiture.  On June 7, 2016, Defendant filed a response. Defendant's response requests the Court to consider (1) whether the preliminary order of forfeiture should be entered "at this point of the proceeding"; and (2) whether language in the Proposed Preliminary Order of Forfeiture (hereinafter the "Preliminary Order") "is too broad and vague, thereby potentially divesting Defendant's wife and other claimants from asserting their title interests in various

1

real or personal property."[1]  The Government argues that there is no genuine issue to consider and respectfully requests the Court to enter the Preliminary Order.

*Defendant's Request for Consideration #1*

Paragraphs #10-12 of the Government's Application for Entry of Preliminary Order of Forfeiture provide the basis for entering the Preliminary Order "at this point of the proceeding."  Simply put, the guilty plea has been accepted by the Court[2] and therefore "the court must determine *what* property is subject to forfeiture under the applicable statute"[3] and the Preliminary Order should be entered "as soon as practical."

Defendant asserts that if a written plea agreement is "taken under advisement by the Court," the Court should delay entry of the Preliminary Order. This assertion is without merit.  Regardless of whether a written plea agreement is taken under advisement, the written plea agreement is relevant evidence and a sufficient basis to enter the Preliminary Order.  Rule 32.2(b)(1)(B) ("The Court's [forfeiture] determination may be based on evidence already in the record,

---

[1] Defendant makes the above statement despite agreeing on page 13 of the Rule 11 Plea Agreement "that he will not assist any third party in asserting a claim to the Subject Property in any forfeiture proceeding (judicial or non-judicial)."

[2] Despite suggestions to the contrary from Defendant, the Minute Entry from Defendant's Plea Hearing (Dkt. #21) reads "Disposition: Guilty plea entered." Also, at 19:25 in the attached Transcript of Plea Hearing (*Exhibit 1*), the Court stated "[f]or all of those reasons, Mr. Shy, the Court does accept your guilty pleas."

[3] Defendant's use of the above quoted language in paragraph 10 of his response inaccurately replaced "what" with the word "when," which is misleading.  There is no doubt as to "when" the Preliminary Order should be entered.

*including any written plea agreement*, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable"); Rule 32.2 Advisory Committee Notes, paragraph 12 of Subdivision (b) ("The [forfeiture] determination could be made based on the evidence in the record from the criminal trial or the *facts set forth in a written plea agreement submitted to the court at the time of the defendant's guilty plea*, or the court could hold a hearing to determine if the requisite relationship existed between the property and the offense.").  The italicized language in the preceding Advisory Committee Notes quote validates the use of a written plea agreement regardless of whether the plea agreement is accepted by the Court.  A "written plea agreement *submitted to the court at the time of the defendant's guilty plea*" is by its definition not yet accepted by the Court.

Although not stated by Defendant, the Court may imply that he is asserting that the Rule 11 Plea Agreement has no evidentiary or contractual value.  The prior paragraph defines its evidentiary value.  Case law also defines its contractual value, even in scenarios where the written plea agreement is not yet accepted by the court.  *See United States v. Wells*, 211 F.3d 988, n.3 (6th Cir. 2000) (holding that a signed plea agreement may be binding prior to acceptance by the court based on principles of reliance or prejudice).  Although specific enforcement of a written plea agreement against a defendant is possible, presently the Government is not

seeking such relief.[4]  *Cf. United States v. Skidmore*, 998 F.2d 372, 376 (6th Cir. 1993) ("the district court may, in its sound discretion, permit the prosecution to seek specific performance" of the plea agreement when a defendant has breached the agreement).  Rather, presently the Government simply requests the Court to give the Rule 11 Plea Agreement its evidentiary value as mandated in Rule 32.2(b)(1)(B).  The Rule 11 Plea Agreement leaves no doubt as to any of the considerations set forth in Rule 32.2(b)(1)(A).

Lastly, the Government notes that the need to enter the Preliminary Order "as soon as practical" after the Court makes its forfeiture determinations is also supported by case law.  *United States v. Derman*, 211 F.3d 175, n.9 (1st Cir. 2000) ("the 1996 amendments allowed a court to issue a 'preliminary order' before sentencing . . . to solve [the] problem . . . [if] the government was concerned that a delay between verdict and sentencing might hamper recovery of the forfeited property"); *United States v. Yeje-Cabrera*, 430 F.3d 1, 15 (1st Cir. 2005) (explaining history of Rule 32.2 and its predecessor; the rule was amended in 1996 to allow the court to enter a preliminary order of forfeiture before sentencing to avoid delays in the forfeiture process and resolve third party rights); *United States v. Marquez*, 685 F.3d 501, 510 (5th Cir. 2012) (entering the preliminary order of

---

[4] Presently the Government is not requesting the Court to compel Defendant to sign "one or more orders of forfeiture" despite Defendant agreeing, on page 10 of the Rule 11 Plea Agreement, to do so.

forfeiture as soon as practical is mandatory and the district court's failure to do was error).

*Defendant's Request for Consideration #2*

Defendant also asks the Court if it might be prudent (A) to first determine the extent of his interest in forfeitable property and (B) to consider whether the Preliminary Order prematurely divests other claimants from "asserting their title interests in various real or personal property." Rule 32.2 Advisory Committee Notes are rife with language indicating that neither consideration is legitimate.

> Subdivision (b)(2) provides that it is not necessary to determine at this stage what interest any defendant might have in the property. Instead, the court would order the forfeiture of *whatever interest* each defendant might have in the property and conduct the ancillary proceeding.

> A more sensible procedure would be for the court, once it (or a jury) determines that property was involved in the criminal offense for which the defendant has been convicted, to order the forfeiture of *whatever interest a defendant may have in the property without having to determine exactly what that interest is.* If third parties assert that they have an interest in all or part of the property, those interests can be adjudicated at one time in the ancillary proceeding.

> Thus, the *ancillary proceeding has become the forum for determining the extent of the defendant's forfeitable interest in the property*. This allows the court to conduct a proceeding in which all third party claimants can participate and which ensures that the property forfeited actually belongs to the defendant.

> Under subdivision (b)(2), if the court finds that property is forfeitable, it must enter a preliminary order of forfeiture. It also recognizes that *any determination of a third party's interest in the property is deferred until an ancillary proceeding*, if any, is held under subdivision (c).

Rule 32.2 Advisory Committee Notes, paragraphs 12, 10, 8, and 16 of Subdivision (b) (emphasis added).

Case law also holds that the rights of third parties are deferred until after the Preliminary Order is entered.  *See United States v. Padilla-Galarza*, 351 F.3d 594, 600 (1st Cir. 2003) (whether property belongs to a third party is sorted out in the ancillary hearings); *United States v. Diaz-Rivera*, 806 F.2d 479, 482-83 (D.P.R. 2011) (the notice requirements in CAFRA do not apply to criminal forfeiture proceedings; the Government's obligation to give notice to third parties occurs after the court enters the preliminary order pursuant to Rule 32.2(b)(6)); *Jebril v. Pettit*, 2007 WL 1017600, *4 (E.D. Mich. 2007) (Rule 32.2 and section 853 give the Government the right to seize real property named in the preliminary order of forfeiture even if it is occupied by third parties who are contesting the forfeiture in the ancillary proceedings).

*Conclusion*

Defendant fails to reference any case law or Advisory Committee Notes in his response.  The Government argues that there is no genuine issue to consider and respectfully requests the Court to enter the Preliminary Order.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

*s/ Paul A. Kuebler*
PAUL A. KUEBLER
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9641
paul.kuebler@usdoj.gov
NY Bar. No. 4268561

Dated: June 13, 2016

7

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2016, the Plaintiff's Reply to Defendant's Response to Application for Entry of Preliminary Order of Forfeiture was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the counsel of record for the captioned defendant as identified on ECF.

*s/ Paul A. Kuebler*
PAUL A. KUEBLER
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9641
paul.kuebler@usdoj.gov
NY Bar. No. 4268561

8