UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,	No.	16-20218

       Plaintiff,	HON. VICTORIA A. ROBERTS

v.

D-1   NORMAN SHY,

       Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), and based upon the terms of Defendant's Rule 11 Plea Agreement, Defendant's guilty plea to Count One of the Information (a violation of 18 U.S.C. §§ 371, 666(a)(1)(B)), the government's Application for Entry of Preliminary Order of Forfeiture, and other information in the record, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1.	The following property (referred to hereinafter as the "Subject Property") **IS HEREBY FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, any right, title or interest of Defendant's companies to the extent of Defendant's interest in such companies, and any right, title or interest that Defendant's heirs, successors or

1

assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**:

### ACCOUNTS:

a. All Funds on Deposit in Charles Schwab & Co.: (a) Account Number 8142-9439 and (b) Account Number 4166-4404;

b. All Funds on Deposit in Merrill Lynch, Pierce, Fenner & Smith, Inc.: (a) Account Number 695-35609 and (b) Account Number 695-35710;

### REAL PROPERTY:

c. Real Property located at 32679 Brookwood Lane, Franklin, Michigan and being more fully described as: Unit Number 14 CRESSBROOK, a condominium according to the Master Deed recorded in Liber 27695, pages 127 through 185, inclusive, Oakland County Records, and designated as Oakland County Condominium Subdivision Plan No. 1499, together with rights in general common elements and limited common elements as set forth in the above described Master Deed and Amendments thereto and as disclosed by Act 59 of the Public Acts of 1978, as amended; commonly known as: 32679 Brookwood Lane, Franklin, MI; Parcel ID: 24-06-227-030; titled to Shy Investments, LLC; and

    d.    Real Property located at 433 Fox Hills Drive S, Apt 5, Bloomfield Hills, Michigan and being more fully described as: Unit No. 298, FOX HILLS CONDOMINIUM, a Condominium according to the Master Deed recorded in Liber 21164, Pages 606 through 675, as amended, and designated as Oakland County Condominium Subdivision Plan No. 1240, last amendment amended in Liber 28502, page 617, together with rights in the general common elements and the limited common elements as shown on the Master Deed and as described in Act 59 of the Public Acts of 1978, as amended; commonly known as: 433 Fox Hills Drive S, Apt. 5, Bloomfield Hills, MI 48304; Parcel ID: 19-02-303-298; titled to Shy Investments, LLC.

The Court finds that there is a sufficient nexus between the Subject Property and the offense to which Defendant pleaded guilty.

2.    IT IS FURTHER ORDERED THAT a money judgment in the amount of $2,768,846.93, which constitutes amounts obtained or derived from the proceeds obtained, directly or indirectly, from the crime charged in Count One of the Information, is granted and entered against Defendant in favor of the United States. The money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant, including any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and

Defendant waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. The amount *owed* by Defendant on the money judgment will be reduced by the amounts obtained by the United States as a result of successfully and finally forfeiting the Subject Property and All Funds on Deposit in Comerica Bank: (a) Account Number 533047585 and (b) Account Number 1851341063.

    3.    IT IS FURTHER ORDERED THAT the United States is authorized, pursuant to Federal Rules of Criminal Procedure 32.2(b)(3) and 32.2(c)(1)(B), to conduct discovery to help identify, locate, or dispose of the Subject Property, to seize any assets identified above, which are not currently in the custody or control of the United States, and to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

    4.    IT IS FURTHER ORDERED THAT, upon entry of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), and other applicable statutes, the United States shall publish on www.forfeiture.gov, notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in any of the Subject Property may file a

petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

     5.    IT IS FURTHER ORDERED THAT, after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

     6.    IT IS FURTHER ORDERED THAT, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment. If: (1) no third party files a timely petition before the expiration

of the period provided in 21 U.S.C. § 853(n)(2), or (2) any petitions for ancillary hearing are disposed of or adjudicated in favor of the United States, then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

7.  IT IS FURTHER ORDERED THAT, after this Preliminary Order of Forfeiture becomes the Final Order of Forfeiture, the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

8.  IT IS FURTHER ORDERED THAT, the Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**


Dated:  6/30/16                     /s/ Victoria A. Roberts
                                   Honorable Victoria A. Roberts
                                   United States District Court Judge