UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-20218 |
| Plaintiff, | HON. VICTORIA A. ROBERTS |
| v. | |
| D-1 NORMAN SHY, | |
| Defendant. | |

_____/

**GOVERNMENT'S APPLICATION FOR WRIT OF ENTRY ONTO PREMISES LOCATED AT 32679 BROOKWOOD LANE, FRANKLIN, MICHIGAN**

The United States, by and through counsel, respectfully requests that this Honorable Court authorize a writ of entry onto the premises identified as 32679 Brookwood Lane, Franklin, Michigan ("32679 Brookwood Lane"), as authorized by 21 U.S.C. § 853(e)(1), 18 U.S.C. §§ 983(j) and 985(b)(2), for the purpose of conducting an inspection, inventory, and appraisal of the real property.

*Procedural History*

As alleged in the Information filed on March 29, 2016, 32679 Brookwood Lane is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), as property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of violations set forth

1

in Court One (18 U.S.C. §§ 371, 666(a)(1)(B)).

Defendant entered into a Rule 11 Plea Agreement on April 29, 2016 ("Rule 11") and pled guilty to Count One of the Information on May 11, 2016. Defendant agreed in the Rule 11 to forfeit to the United States, *inter alia*, 32679 Brookwood Lane.

On May 26, 2016, the government submitted an Application for Entry of a Preliminary Order of Forfeiture. On June 7, 2016 Defendant responded. On June 13, 2016, the government filed a reply. On June 30, 2016, a Preliminary Order of Forfeiture was entered ordering the forfeiture of specific property to the United States, including 32679 Brookwood Lane. On July 12, 2016, a Correct Amended Preliminary Order of Forfeiture, correcting only a clerical error, was entered.

*Writ of Entry Statutes*

21 U.S.C. § 853(e)(1) provides that the court may take any action necessary to preserve the availability of property subject to criminal forfeiture. The need to inspect the premises is especially important where the property is only constructively seized, as is the case here. 18 U.S.C. § 985(b)(2) explicitly allows for a writ of entry to be executed "for the purpose of conducting an inspection and inventory of the property." This inspection should, among other things, enable the United States to appraise the condition and value of the property, and permit the United States to take an inventory of the property, including the use of still and

video photography of the premises. Moreover, as provided in 18 U.S.C. § 983(j)(1), the court has broad discretion to enter protective orders and to "take any other action" in order to "secure, maintain or preserve the availability of property subject to civil forfeiture." Without such an inspection, particularly given concerns raised below, it would be difficult to "secure, maintain or preserve the availability of property" that is subject to forfeiture because there would not be an accurate record documenting the condition of the property.

Finally, the provisions of 18 U.S.C. § 2232(b) make it a crime for anyone to take any action that would impair the Court's *in rem* jurisdiction over property that is subject to forfeiture. Thus, the writ of entry should also provide that any interference with its execution shall be deemed a violation of a Court order, punishable as a contempt, as a violation of 18 U.S.C. § 2232.

*Additional Justification for Writ of Entry*

On page 13 of the Rule 11 entered into on April 29, 2016 (emphasis added), he agreed to:

> [T]ake all steps as requested by the United States to pass his ownership interest in forfeitable assets to the United States, including taking whatever steps are necessary to *ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture*. Defendant further agrees that he *will not assist any third party* in asserting a claim to the Subject Property in any forfeiture proceeding (judicial or non-judicial) . . . .

3

During an April 28, 2016 phone conversation, Plaintiff's counsel reminded Defendant's counsel of his client's obligations to comply with the Rule 11 and the government agreed to the sale of various assets under specific conditions.  In an email dated May 2, 2016, Plaintiff's counsel confirmed details of the April 28, 2016 conversation writing "various real estate assets (not including those with an affidavit of interest)" may be sold, but the "government only agrees to such sales if the proceeds of the sale are fully accounted for in an account held by Norman Shy[,] . . . the proceeds remain in the account pending additional forfeiture discussion with the government[, and the] proceeds will not be wasted, hidden, or otherwise made unavailable for forfeiture."

Defendant's Financial Statement, which was requested pursuant to the Rule 11, signed on June 23, 2016, and delivered to the United States Attorney's Office on June 27, 2016, included his handwritten note stating "on 5/20/16 I sold 1127 Derby condo for $105,873.  Monies turned over to IRS on 5/26/16.  Letter sent to U.S. Attorney.  Showing $80,765 paid."  Plaintiff's counsel did receive a letter from Defendant's counsel addressed to the IRS dated May 26, 2016, which included an $80,765 payment to the IRS.  However, Plaintiff's counsel never had any communication with Defendant's counsel authorizing the sale of 1127 Derby nor did Plaintiff's counsel receive any information from Defendant's counsel regarding the remaining $25,108 in proceeds from the 1127 Derby condo sale.

On a June 1, 2016 phone call, Defendant's counsel informed Plaintiff's counsel that Defendant's IRS tax liability had recently been satisfied in part from proceeds from selling a variety of artwork. Defendant's Financial Statement also included Defendant's handwritten note stating "sold art in April and May 2016 to pay IRS $149,000. Letter sent to U.S. Attorney." Plaintiff's counsel did receive a letter from Defendant's counsel addressed to the IRS dated May 10, 2016, which included a $149,000 payment to the IRS. However, Plaintiff's counsel never had any communication with Defendant's counsel authorizing the sale of artwork. Defendant's Financial Statement also lists $150,000 of artwork, among his remaining personal assets.

In Defendant's Response to the Application for Entry of a Preliminary Order of Forfeiture dated June 7, 2016, he requested the Court to consider whether language in the Preliminary Order of Forfeiture "is too broad and vague, thereby potentially divesting Defendant's wife and other claimants from asserting their title interests in various real or personal property," despite agreeing in the Rule 11 "not to assist any third party in asserting a claim to the Subject Property."

On May 3, 2016, Defendant's counsel informed Plaintiff counsel that Defendant sold 719 E Fox Hills, Bloomfield Hills, Michigan, which was represented, during the April 28, 2016 phone conversation, as one of the possible

assets to be sold. However, the sale had already closed a month and a half earlier, on March 17, 2016, twelve days before the Information was filed.

On March 3, 2015, after already personally participating in proffer sessions in the course of plea negotiations, Defendant took out a $745,000 loan against 32679 Brookwood Lane, a property that was originally purchased entirely with cash, and used a portion of loan proceeds to improve the property.

Defendant's pattern of selling "assets subject to forfeiture" despite his Rule 11, failure to negotiate with the government in good faith, and/or efforts to assist third parties increases the need to conduct an appraisal to mitigate the risk that 32679 Brookwood Lane and its fixtures and appurtenances are "sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture."

## CONCLUSION

For all the above reasons, the United States requests that the Court issue a writ of entry to permit the inspection of 32679 Brookwood Lane. The government will submit a proposed order through the Court's ECF Utilities.

          Respectfully submitted,

          BARBARA L. McQUADE
          United States Attorney

          *s/ Paul A. Kuebler*
          PAUL A. KUEBLER
          Assistant United States Attorney
          211 W. Fort Street, Suite 2001
          Detroit, MI 48226
          (313) 226-9641
          paul.kuebler@usdoj.gov

July 21, 2016          NY Bar No. 4268561